**Dana L. Sullivan, OSB No. 94483**
E-mail: dana@baaslaw.com
**Kristine M. Lambert, OSB No. 010684**
Email: kristine@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, Oregon 97204-2364
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEFFREY MATTHEWS,**<br><br>                        Plaintiff,<br><br>            v.<br><br>**TOP TIER, LLC**, an Oregon Domestic Limited Liability Company, and **FREDRIC B. ROBINSON**, an individual,<br><br>                        Defendants. | Civil No.<br><br>**COMPLAINT**<br><br>(Unpaid Overtime; Penalty Wages)<br><br>DEMAND FOR A JURY TRIAL |

### INTRODUCTION

1. This is an action for declaratory, injunctive and monetary relief, including attorneys' fees and costs, to redress unlawful employment practices to which defendant subjected plaintiff, in violation of plaintiff's statutory, common law and contractual rights.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. § 1332. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

Page 1 – **COMPLAINT**

**VENUE**

3.  Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

**PARTIES**

4.  Plaintiff Jeffrey Matthews ("plaintiff" or "Matthews") is currently a resident of Gresham, Oregon. During the relevant period, Matthews was an employee of Top Tier, LLC ("Top Tier") and worked at Top Tier's office in Clackamas, Oregon and at various customer locations in the United States and overseas. Matthews remains employed with Top Tier as of this date.

5.  Defendant Top Tier, LLC is registered in Oregon as a Domestic Limited Liability Company, and its principal place of business is in Clackamas, Oregon. Top Tier manufactures and distributes assembly line machines called palletizers, which take customers' product off an assembly line, place the products on pallets, and shrink wrap the products for shipping. Top Tier ships its product throughout the world. Since approximately September of 2015, defendant has operated in a joint venture with Aetna Group, a corporation headquartered in Rimini, Italy, that manages an international network of agents and distributors. Aetna Group purchased a majority ownership interest in Top Tier in or about September of 2015.

6.  Defendant Fredric B. Robinson ("Robinson") is a resident of Wilsonville, Oregon. Throughout the relevant period Robinson served as General Manager of Top Tier and, in his capacity as General Manager, exercised control over plaintiff's employment relationship with Top Tier, including making the determination regarding whether plaintiff and other Field Service Technicians would be characterized as exempt employees and how their work hours would be calculated and compensated.

**GENERAL ALLEGATIONS**

A.  **Employment Background of Plaintiff with Defendant**

7.  In August 2010, Top Tier hired Matthews as a Field Service Technician to help install and maintain its stretch wrap palletizing machinery and perform technical work for

customers in the field.  In this capacity, Matthews, along with five other Field Service Technicians, reported to and worked under Don Studer ("Studer"), defendant's Field Service Manager in Clackamas, Oregon.  Studer is also known as Top Tier's Technical Service Operations Leader.

8. From August 2010 until July 10, 2017, Top Tier paid Matthews a base salary and treated him as an exempt employee.  Top Tier failed to pay Matthews at an overtime rate for work over forty hours in a workweek, although Matthews frequently worked long hours and was entitled to overtime pay because the work he performed was non-exempt.

9. Matthews' base annual earnings were approximately $68,369 in calendar year 2014; $75,515 in calendar year 2015; and $76,118 in calendar year 2016.  His base annual salary for 2017 is approximately $77,000.

10. Matthews was also eligible for and regularly received non-discretionary bonuses of $100 for each Friday, Saturday or Sunday night spent out of town on a work assignment.  He received eleven of these bonuses in 2014; thirty-six in 2015; twenty-one in 2016; and twenty in 2017.

11. Top Tier management representatives, including Robinson, acknowledged since 2010 – early in Matthews' employment – that they were aware that the company's Field Service Technicians were misclassified, that the Field Service Technicians' primary duty related to non-exempt work rather than exempt work, and that they should be classified as hourly employees.

12. In or about September 2015, Aetna Group, an Italian company, purchased a majority ownership interest in Top Tier and announced a strategic joint venture between the companies in North America to deliver end-of-line stretch wrapping and packaging solutions.

13. At the time of the joint venture with Aetna Group in 2015, either Robinson or Top Tier's Controller, Lael Gorsek ("Gorsuk"), told Top Tier's Field Service Technician employees that the company intended to reclassify them as hourly employees, but Top Tier did not do so.  Top Tier continued to treat its Field Service Technicians as salaried employees ineligible for

Page 3 – **COMPLAINT**

overtime pay, although Top Tier and Robinson knew that Aetna Group has its own Field Service Technicians classified as hourly, non-exempt employees.

14. In June 2017, Top Tier notified its Field Service Technicians that they would be treated as hourly employees eligible for overtime pay effective as of Monday, July 10, 2017.

15. Field Service Manager Don Studer, Gorsek, and Robinson met with Matthews in June 2017 and provided him PowerPoint slides detailing the terms of his conversion from salaried to hourly status.  They notified Matthews that he would earn $34 per hour as of July 10, 2017.

16. In June 2017, Studer, Gorsek and Robinson also met separately with each of the other five Field Service Technicians, Juan Hernandez, Kevin Naylor, Eric Smith, Bogdan Garbar, and Ghassan Aljuboori, to announce the conversion of Field Service Technicians to hourly status.

17. Top Tier's written presentation slides acknowledged that the conversion was being made in part because hourly pay was recommended for field service technicians by defendant's human resources consulting company based on "DOL/FLSA Job Duties classifications."

18. Despite this acknowledgement, Top Tier failed to provide back overtime pay to Matthews or to its other Field Service Technicians.

19. When asked by Field Service Technicians if Top Tier would provide back overtime pay, Gorsek stated on several occasions that the prior salary received by the Field Service Technicians "had overtime built into it."

20. On July 14, 2017, Matthews, along with Field Service Technicians Juan Hernandez and Eric Smith, met with Robinson and Gorsek to again ask for back overtime pay to which they were entitled.  Robinson and Gorsek refused to commit to providing back overtime pay.

///

///

B. **Plaintiff's Job Description and Regular Job Duties**

21. Matthews' work as a Field Service Technician primarily involves customer service and technical support related to assembly, installation, set-up, and maintenance of Top Tier's stretch wrap palletizing machinery. The work also includes domestic and international travel.

22. Top Tier's job posting/description for a "Field Service Technician – Industrial Equipment" references the need for candidates to have appropriate "experience or exposure" in designing, building and supporting capital equipment, and to have strong technical skills and an understanding of machine safety and guarding. Top Tier's job posting does not require that candidates possess any advanced educational degree such as a baccalaureate educational degree in a particular area of study.

23. Plaintiff is required to confer regularly with Studer, his supervisor and the Field Services Manager, about customer concerns, equipment issues, job progress, travel changes or any other important issues or development.

24. Plaintiff follows well-established procedures in the performance of his job duties. Plaintiff does not have the discretion to implement company policies, to bind the company on matters of significance, or to deviate in any significant way from established procedures. He likewise does not have control over marketing strategies, plays no role in Top Tier's general management, and has no duties in setting the company's direction.

25. Matthews does not supervise any other employees of Top Tier and does not have hiring or firing authority with respect to other employees, nor did he during any of the relevant time periods.

26. Plaintiff does not make any sales in his role as Field Service Technician for Top Tier.

C. **Defendants Misclassified Plaintiff as Exempt**

27. Defendants erroneously categorized Matthews as exempt from the minimum wage and overtime provisions of the federal and state wage laws.

Page 5 – **COMPLAINT**

28.     Defendants failed to track and maintain a record of all actual hours of work performed by Matthews.  Although Matthews completed a time sheets reflecting hours worked for various client accounts, it did not include other work, including an average of at least two hours per workweek spent in administrative work including, but not limited to, time spent reading and sending work-related emails, time spent completing timesheets, time spent completing service reports, and time spent planning and booking travel arrangements.

29.     Defendants failed to pay Matthews for overtime hours worked.

30.     Matthews worked in excess of forty hours per week in at least ninety-four different workweeks in the three-year period since August 2014 and, under the federal law, should have been paid for at least 1,053 overtime hours during that period (at least 198 overtime hours in 2014; 362.5 overtime hours in 2015; 279.5 overtime hours in 2016; and 213 overtime hours in 2017).

31.     Matthews worked in excess of forty hours per week in at least sixty different workweeks in the two-year period since August 2015 and, under the Oregon law, should have been paid for at least 693 overtime hours during that period (at least 201 overtime hours in the last five months of 2015; 279.5 overtime hours in 2016; and 213 overtime hours in 2017).

**FIRST CLAIM FOR RELIEF**
**Unpaid Overtime and Penalty Wages**
**ORS 653.055 & ORS 653.261**
**Against Defendant Top Tier**

32.     Plaintiff incorporates by reference the allegations of paragraph 1 through 31.

33.     Top Tier failed to pay plaintiff all compensation due and owing to him during his employment by refusing to pay overtime for hours worked in excess of forty per workweek in violation of ORS 653.261, ORS 653.055, and OAR 839-020-0030.

34.     Plaintiff's work does not meet the tests to qualify as exempt in any of the "white collar" categories under Oregon law.

      a.     Plaintiff is not charged with supervising other employees as a primary duty, nor does he have hiring or firing authority and, as such, he is not

        exempt as a supervisory/executive employee.  ORS 653.020(3)(a); OAR 839-020-0005(1).

    b. Plaintiff does not perform administrative exempt work as a primary duty, but instead carries out the day-to-day business of defendant and does not engage with broader issues of the company's management, course, policies or procedures.  Plaintiff also does not customarily and regularly exercise the requisite level of discretion on matters of significance.  ORS 653.020(3)(b); OAR 839-020-0005(2).

    c. Plaintiff does not work in one of the recognized "learned" professions, and his position did not require an advanced degree.  His work, while highly technical, consists primarily of the performance of routine mental, manual, mechanical and physical work.  He is thus not exempt as a professional employee.  ORS 653.020(3)(c); OAR 839-020-0005(3).

35. Plaintiff does not qualify as exempt as an outside salesperson under Oregon law because he does not make sales in his Field Service Technician role.  ORS 653.010(7).

36. Plaintiff does not qualify as exempt as an exempt computer employee because his primary duty is not in the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs.  OAR 839-020-0125(2)(h).

37. Plaintiff was non-exempt from the minimum wage and overtime provisions of the Oregon wage laws and was thus entitled to overtime pay for all hours worked over forty in each seven-day workweek.  ORS 653.261; OAR 839-020-0030.

38. Plaintiff worked overtime in at least sixty different workweeks in the two-year period since August 2015 and, under the Oregon law, should have been paid for at least 693 overtime hours during that period (at least 201 overtime hours in the last five months of 2015; 279.5 overtime hours in 2016; and 213 overtime hours in 2017).

39. Given plaintiff's base annual salary earnings of approximately $75,515 in calendar year 2015, $76,118 in calendar year 2016, and $77,000 in 2017, his regularly hourly

rate for overtime calculation purposes was approximately $36.31 per hour in 2015, $36.60 per hour in 2016, and $37.02 per hour in 2017. Plaintiff's time-and-one-half overtime hourly rate was approximately $54.47 per hour in 2015, $54.90 per hour in 2016, and $55.53 per hour in 2017. OAR 839-020-0030(3)(d).

40. Plaintiff is entitled to at least $10,948.47 in overtime pay for the relevant portion of 2015, at least $15,344.55 in overtime pay for 2016, and at least $11,827.89 in overtime pay for the relevant portion of 2017 through July 9, 2017, for a total of at least $38,120.91 in overtime pay. ORS 653.055; OAR 839-020-0030.

41. Plaintiff is entitled to an award of reasonable attorney fees in connection with the overtime violations. ORS 653.055(4).

42. Plaintiff is entitled to prejudgment interest on the amount of the unpaid wages and penalty wages from the date the wages became due and owing. ORS 82.010.

43. Plaintiff has hired legal counsel to prosecute his claims and is entitled to reasonable attorneys' fees and costs incurred pursuant to ORS 652.200(2) and ORS 653.055(4).

## SECOND CLAIM FOR RELIEF
## 29 U.S.C. § 207
## Unpaid Overtime and Penalty Wages
## Against Defendants Top Tier and Robinson

44. Plaintiff incorporates by reference the allegations of paragraphs 1 through 43.

45. Plaintiff is entitled to the rights, protections and benefits under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

46. Defendants were plaintiff's employers pursuant to 29 U.S.C. § 203(d), which defines "employer" broadly to "include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."

47. Pursuant to his authority as Top Tier's General Manager and within the course and scope of his role as General Manager, Robinson made the decision to classify plaintiff and his fellow Field Service Technicians as exempt from overtime, despite knowledge that such a characterization was not warranted.

Page 8 – **COMPLAINT**

48. When Top Tier reclassified plaintiff and the other Field Service Technicians as hourly, non-exempt employees, effective July 10, 2017, Robinson refused to compensate plaintiff for past-due overtime despite plaintiff's request for back pay.

49. Defendants Top Tier and Robinson are jointly and severally liable for FLSA wage violations. *See Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009).

50. Defendant failed to pay plaintiff all compensation due to him during his employment by refusing to pay any compensation for hours worked in excess of forty in a workweek in violation of 29 U.S.C. § 209; 29 C.F.R. § 778.107.

51. Both defendants played a role in failing to pay plaintiff all compensation due to him during his employment by refusing to pay any compensation for hours worked in excess of forty in a workweek in violation of 29 U.S.C. § 209; 29 C.F.R. § 778.107.

52. Plaintiff's work did not qualify as exempt in any of the "white collar" categories under federal law, nor did he qualify as exempt under outside sales employee category. 29 C.F.R. § 541.

53. Plaintiff was non-exempt from the minimum wage and overtime provisions of the FLSA and was entitled to overtime pay for all hours worked over forty in each seven-day work week. 29 U.S.C. § 207; 29 C.F.R. § 541, 778.

54. Plaintiff worked overtime in at least ninety-four different workweeks in the three-year period since August 2014 and, under the FLSA, should have been paid for at least 1,053 overtime hours during that period (at least 198 overtime hours in the last five months of 2014; 362.5 overtime hours in 2015; 279.5 overtime hours in 2016; and 213 overtime hours in 2017).

55. Given plaintiff's base annual salary earnings of approximately $68,369 and $1,110 in non-discretionary bonus earnings in 2014, his average hourly rate for the year was approximately $33.40 per hour, and his time-and-one half overtime hourly rate was approximately $50.10 per hour.

56. Given plaintiff's base annual salary earnings of approximately $75,515 and $3,600 in non-discretionary bonus earnings in 2015, his average hourly rate for the year was

approximately $38.04 per hour, and his time-and-one-half overtime hourly rate was approximately $57.06 per hour.

57. Given plaintiff's base annual salary earnings of approximately $76,118 and $2,100 in non-discretionary bonus earnings in 2016, his average hourly rate for the year was approximately $37.60 per hour, and his time-and-one-half overtime hourly rate was approximately $56.40 per hour.

58. Given plaintiff's base annual salary level of approximately $77,000 and $2,000 in non-discretionary bonus earnings in 2017, his average hourly rate for the year was approximately $37.98 per hour, and his time-and-one-half overtime hourly rate was approximately $56.97 per hour.

59. Plaintiff is entitled to at least $9,919.80 in overtime pay for the relevant portion of 2014, at least $20,684.25 in overtime pay for 2015, at least $15,763.80 in overtime pay for 2016, and at least $12,134.61 in overtime pay for the relevant portion of 2017 through July 9, 2017, for a total of at least $58,502.46 in overtime pay. 29 U.S.C. § 207; 29 C.F.R. § 778.

60. Defendants have not acted in good faith or with reasonable grounds to believe that their actions were not a violation of the FLSA. Therefore, plaintiff is entitled to a liquidated damages penalty in the amount equal to his unpaid wages under 29 U.S.C. § 216(b), which is $58,502.46.

61. Plaintiff is entitled to prejudgment interest from the date plaintiff's wages became due and owing.

62. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. On Plaintiff's First Claim for Relief:

    a. An award of unpaid overtime wages in an amount to be determined at trial but approximately $38,120.91.

    b. An award of prejudgment interest on the amount of the overtime wages

from the date the wages became due and owing; and

    c.    Plaintiff's attorney's fees, expert fees and costs incurred herein.

2.    On Plaintiff's Second Claim for Relief:

    a.    An award of unpaid overtime wages in an amount to be determined at trial but approximately $58,502.46.

    b.    An award of liquidated damages equal to the amount of unpaid overtime wages, $58,502.46.

    c.    An award of prejudgment interest on the amount of the overtime wages from the date the wages became due and owing; and

    d.    Plaintiff's attorney's fees, expert fees and costs incurred herein.

DATED this 9th day of August, 2017.

BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP

s/ Dana L. Sullivan
Dana L. Sullivan, OSB No. 94483
E-mail: dana@baaslaw.com
Kristine M. Lambert, OSB No. 010684
Email: kristine@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, Oregon 97204-2364
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

*Attorneys for Plaintiff*